UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| XIAO QING FU,<br>    *Plaintiff*,<br><br>v.<br><br>DOUGLAS COLLINS,[1]<br>    *Defendant*. | CASE NO. 24-cv-01315 (KAD)<br><br><br><br><br>APRIL 7, 2025 |

**MEMORANDUM OF DECISION**
**RE: DEFENDANT'S MOTION TO DISMISS (ECF NO. 13)**

Kari A. Dooley, United States District Judge:

This is the second action brought by Plaintiff arising out of her termination from her position as an advanced practice registered nurse ("APRN") at the Veterans Affairs ("VA") Hospital in West Haven, Connecticut. Plaintiff, an Asian American woman, again alleges that her employment was terminated and that she endured a hostile work environment as a result of racial discrimination. Though not cited, the Court construes her claims as brought pursuant to Title VII of the United States Code, 42 U.S.C. § 2000e *et. seq* ("Title VII"). Pending before the Court is Defendant's motion to dismiss this action pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Defendant asserts, as the defendants did in the prior action, that Plaintiff failed to exhaust her administrative remedies prior to commencing this action. Plaintiff has not responded to the motion to dismiss. For the reasons stated below, the motion is GRANTED.

**Allegations and Procedural History**

---

[1] Plaintiff commenced this action in Connecticut Superior Court against Dr. Rose, her supervisor at the VA hospital in West Haven, CT. *See* Notice of Removal, Ex. A, State Court Action Summons and Complaint ("Compl."), ECF No. 1 at 5. Upon removing the action to this Court, the improperly named Dr. Rose moved to substitute Denis McDonough, in his capacity as the Secretary of the United States Department of Veterans Affairs, as the proper defendant pursuant to 28 U.S.C. § 2679 and 42 U.S.C. § 2000e-16(c). *See* Mot. to Substitute Def., ECF No. 3. The Court granted Defendant's Motion to Substitute on August 20, 2024. ECF No. 11. Denis McDonough has since been replaced by Douglas Collins, who, pursuant to Rule 25(d) is hereby substituted as the appropriate named Defendant.

Plaintiff Xiao Fu worked as an APRN at the VA Hospital in West Haven, Connecticut, and was terminated on or about March 26, 2021.[2] Notice of Removal, Ex. A, State Court Action Summons and Complaint ("Compl."), ECF No. 1 at 7.[3] Following her termination, in February 2022, she filed a complaint in the State of Connecticut Superior Court alleging employment discrimination. *See* Notice of Removal, *Fu v. VA Conn. Healthcare Sys.*, No. 3:22-cv-00374-KAD, (D. Conn. Mar. 10, 2022), ECF No. 1. The defendant in that case removed the action to federal court and moved to dismiss, arguing that Plaintiff failed to exhaust her administrative remedies as required under Title VII. The Motion to Dismiss was granted by this Court on March 6, 2023. *See Fu v. VA Conn. Healthcare Sys.*, No. 3:22-CV-00374 (KAD), 2023 WL 2384110 (D. Conn. Mar. 6, 2023), *appeal dismissed sub nom. Xiao Qing Fu v. VA Connecticut Health Care Sys., Dep of Va*, No. 23-385, 2024 WL 4201252 (2d Cir. June 27, 2024) ("*Fu* I"). Plaintiff appealed to the Second Circuit, and her appeal was dismissed because "it 'lack[ed] an arguable basis either in law or in fact.'" *Xiao Qing Fu v. VA Connecticut Health Care Sys., Dep of Va*, No. 23-385, 2024 WL 4201252, at *1 (2d Cir. June 27, 2024).

Following dismissal of her appeal, Plaintiff commenced the instant litigation by again filing a complaint in the Superior Court for the state of Connecticut. The Defendant removed the action to this Court on August 14, 2024, and again moved to dismiss for failure to exhaust administrative remedies. *See* Compl.; Mot. to Dismiss, ECF No. 13.

---

[2] In her complaint Plaintiff alleges that she was "forced [sp] separated" on March 28, 2021. *See* Compl. at 6. Defendant attached the declaration of Marjorie McNutt, Assistant District Manager in the VA's Office of Resolution Management, Diversity, and Inclusion, North Atlantic District 1, to his Motion to Dismiss. *See* Ex. A to Mot. To Dismiss ("McNutt Decl."), ECF No. 13-2. Therein, Assistant District Manager McNutt provided documents showing that Plaintiff was terminated on March 26, 2021. *Id.* at 5. It is worth noting that the McNutt Declaration and its attachments are identical to those submitted by Defendant in his Motion to Dismiss Plaintiff's first action.

[3] The Notice of Removal and Complaint were docketed as a single document. For ease of reference, when citing to the Complaint, the Court cites to the page numbers provided by the CMECF system.

2

As in her prior complaint, Plaintiff's allegations are difficult to follow. However, liberally construed they are substantively indistinguishable from those asserted in *Fu I*: Plaintiff asserts that she was wrongly terminated from the VA Hospital on account of her race; that she was subject to a hostile work environment; that the VA Hospital is mismanaged; and that her professional reputation has been damaged as a result of the VA Hospital's discriminatory practices. In dismissing Plaintiff's prior case, this Court noted that "[t]he complaint does not include any allegations regarding any effort to exhaust or even avail herself of her administrative remedies with the VA." *Fu*, 2023 WL 2384110, at *1. The same is true with respect to the instant complaint. *See* Compl., 7–43.

**Standard of Review**

To survive a motion to dismiss filed pursuant to Rule 12(b)(6), the "complaint must 'state a claim to relief that is plausible on its face,'" setting forth "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Kolbasyuk v. Capital Mgmt. Servs., LP*, 918 F.3d 236, 239 (2d Cir. 2019) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).[4] "The assessment of whether a complaint's factual allegations plausibly give rise to an entitlement to relief 'does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal' conduct." *Lynch v. City of New York*, 952 F.3d 67, 75 (2d Cir. 2020) (quoting *Twombly*, 550 U.S. at 556). At this stage "the court's task is to assess the legal feasibility of the complaint; it is not to assess the weight of the evidence that might be offered on either side." *Id.* Although detailed allegations are not required,

---

[4] In deciding a motion to dismiss, the Court may also consider documents attached to the complaint, documents incorporated by reference therein, documents relied upon in bringing the action which were in plaintiff's possession or of which plaintiff had knowledge and matters of which judicial notice may be taken. *See Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152–53 (2d Cir. 2002).

the complaint must include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a right to relief. *See Twombly*, 550 U.S. at 555–56. On a motion to dismiss under Rule 12(b)(6), the Court "must accept as true the factual allegations in the complaint and draw all inferences in the plaintiff's favor." *Kinsey v. New York Times Co.*, 991 F.3d 171, 174 (2d Cir. 2021) (quotation marks, alterations, and citation omitted). Legal conclusions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to a presumption of truth. *Ashcroft*, 556 U.S. at 678.

Because Plaintiff has filed her complaint *pro se*, the Court must construe her filings "liberally" and interpret them to "raise the strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (quotation omitted); *see also Ruotolo v. I.R.S.*, 28 F.3d 6, 8 (2d Cir. 1994) (explaining that *pro se* litigants should be afforded "special solicitude" because they are not represented by counsel). Despite this special solicitude, the complaint "must still 'include sufficient factual allegations to meet the standard of facial plausibility' to survive a motion to dismiss under Rule 12(b)(6)." *Anderson v. Williams*, No. 3:15CV1364 (VAB), 2017 WL 855795, at *6 (D. Conn. Mar. 3, 2017) (quoting *Sentementes v. Gen. Elec. Co.*, No; 3:14-CV-00131 (VLB), 2014 WL 2881441, at *2 (D. Conn. June 25, 2014)).

**Discussion**

Title VII is "the exclusive remedy available to federal employees who allege employment discrimination" on the basis of "gender" or "race." *Wilder v. U.S. Dept. of Veterans Affairs,* 175 F. Supp. 3d 82, 88 (S.D.N.Y. 2016) (quoting *Lucenti v. Potter*, 432 F. Supp. 2d 347, 356 (S.D.N.Y.2006)). Title VII contains a waiver of the government's sovereign immunity, but that waiver has limiting conditions. *See* 42 U.S.C. §§2000e-16(a)-(c). Before a federal employee can sue his employer in court for discriminating against him in violation of Title VII, he must first

exhaust his administrative remedies. 42 U.S.C. § 2000e–16(c); *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 109 (2002); *Mathirampuzha v. Potter,* 548 F.3d 70, 74 (2d Cir. 2008). The exhaustion requirement, as "a condition of the waiver of sovereign immunity…must be strictly construed." *Lanham v. Shinseki*, 662 F. Supp. 2d 238, 242 (D. Conn. 2009), *aff'd sub nom. Lanham v. Mansfield*, 400 Fed. App'x 609 (2d Cir. 2010). The requirements themselves are set forth in the regulations promulgated by the Equal Employment Opportunity Commission ("EEOC"). *See Green v. Brennan*, 578 U.S. 547, 552–53 (2016).

As relevant here, "timely exhaustion of administrative remedies requires that a federal employee comply with applicable EEOC regulations…Under these regulations, a government employee seeking to bring an employment discrimination claim must first seek informal…counseling within his agency, and then file a formal complaint with the agency…Specifically, pursuant to EEOC regulations, prior to filing suit, a federal employee must:

> (1) consult with a counselor at the relevant agency's Equal Employment Office ("EEO") within 45 days of the alleged discriminatory act, and, if the matter is not resolved after a mandatory counseling period, [and]
>
> (2) file a formal written administrative complaint ("EEO complaint") within 15 days of receipt of the EEO counselor's notice of final interview and right to file a formal complaint ("EEO notice").
>
> The employee may then file a civil action (i) within 90 days of notice of a final agency decision on his or her EEO complaint, or (ii) after 180 days from the filing of the EEO complaint if the agency has not yet rendered a decision."

*Wilder*, 175 F. Supp. 3d at 88–89 (citations and internal quotation marks omitted). "Only after final agency action may the [employee] appeal to the EEOC or file an action in federal district court." *Id.* at 89; *see also* 29 C.F.R. §§ 1614.105 *et seq.*

"Although *pro se* litigants are usually offered leniency, when it comes to statutory filing deadlines courts have consistently held that even *pro se* plaintiffs must be held to strict

compliance" with exhaustion requirements.[5] *Pryor v. Nat'l Grid*, No. 10 Civ. 6507 (PAC) (THK), 2011 WL 3251571, at *2 (S.D.N.Y. July 28, 2011)*; see also, Baldwin Cty. Welcome Ctr. v. Brown*, 466 U.S. 147, 152 (1994) (Exhaustion requirements "are not to be disregarded by courts out of a vague sympathy for particular litigants."). Accordingly, "[u]nexhausted claims must be dismissed." *Wilder*, 175 F. Supp. 3d at 89 (collecting cases).

Here, Plaintiff began the exhaustion process by contacting the VA Office of Resolution Management, Diversity & Inclusion by telephone on March 26, 2021, following her termination. By correspondence dated April 21, 2021, an EEO counselor sent Plaintiff a "Notice of Rights and Responsibilities" in relation to her March 26, 2021 complaint. She was asked to sign the form and return it to the counselor so that the complaint could move forward. These documents were both mailed and emailed to Plaintiff. She did not sign or return them to the EEO counselor. Also on April 21, 2021, the details of the complaint were forwarded to the VA Hospital, seeking a response to the complaint.

On May 3, 2021, the same EEO counselor sent Plaintiff a "Notice of Right to File a Discrimination Complaint," which included instructions on how to do so. Included with the correspondence was a blank VA Form 4939 titled "Complaint of Employment Discrimination." Plaintiff was advised that if she wished to file a formal complaint, she had 15 days within which to do so. Plaintiff was also advised that if she did not wish to pursue her claims, she did not need to take any further action. The May 3, 2021 correspondence was sent both by regular mail and email. Plaintiff did not file a formal complaint within 15 days (or ever) and the administrative file closed on June 7, 2021. *See* Def. Mot. at 1–2.

---

[5] Failure to properly exhaust administrative remedies may be raised by way of a motion to dismiss under Rule 12(b)(6). *See e.g., Wilder,* 175 F. Supp. 3d at 87.

As with her first case, Plaintiff did not respond to Defendant's assertion that she failed to exhaust her administrative remedies. And once again, Defendant has established conclusively that she did not. The complaint is therefore dismissed.

**Conclusion**

All claims against the Defendant are DISMISSED. The Clerk is directed to enter judgment for Defendant and close this case.

**SO ORDERED** at Bridgeport, Connecticut, this 7th day of April 2025.

  /s/ Kari A. Dooley
KARI A. DOOLEY
UNITED STATES DISTRICT JUDGE